█ SECURITY NATIONAL BANK OF LONG ISLAND, Appellant, v. LOUIS DE JOY et al., Defendants, and PETER FRAZZETTA et al., Respondents.— In an action to recover upon a promissory note (the cause against defendants De Joy) and upon a guarantee of payment of the note (the cause against defendants Frazzetta), plaintiff appeals from an order of the Supreme Court, Nassau County, dated January 15, 1969, which denied its motion for summary judgment against defendants Frazzetta. Order reversed, on the law, with $10 costs and disbursements; motion granted; and action remitted for assessment of damages before the trial court without a jury, at a Trial Term, in accordance with CPLR 3212 (subd. [c]). Defendants De Joy, makers of the promissory note, were not served with process. Defendant Louis De Joy is presently in the United States Armed Services. Special Term held that defendants are entitled to the protection afforded by the New York State Soldiers' and Sailors' Civil Relief Act (Military Law, art. XIII) and that the benefits thereof may be extended to parties who are secondarily liable (Military Law, § 302); held that plaintiff failed to demonstrate that Louis De Joy's ability to conduct his

defense is not materially affected by reason of his military service (Military Law, § 304); and stayed any proceeding to enforce the debt until 60 days after the completion of Louis De Joy's military service. In our opinion, this was an abuse of discretion, since the relief granted had never been sought and there was nothing before the Special Term, except the fact of military service, on which to bottom such determination. Furthermore, in the guarantee executed by each of the defendants Frazzetta it is provided that the liability of the guarantors on the guarantee shall be direct and immediate and that they waive presentation and demand upon themselves and upon the maker or makers for payment of the note and also waive notice of nonpayment thereof, notice of intention to sell, advertisement, time or place of sale of the collateral therefor and all other notice in connection therewith. Since the only argument raised in defendant Louis De Joy's affidavit was that the automobile was repossessed without notice to him, and that he was not given an opportunity to redeem the car or advised as to the time or place of the sale, none of which argument was raised by respondents, and in fact the argument was waived by them, there is no issue of fact presented, except as to the amount due. A triable issue of fact is presented as to the amount due. Therefore, an assessment of damages is required. Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.